UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
WINDELL HARRIS,
                    Plaintiff,
       v.
C. GUNSETT, Correctional Officer; S.
RESTEY, Correctional Officer; M.
SURPRENT, Correctional Sergeant; M.
ROYCE, Correctional Captain; and R.
SNEDEKER, Correctional Officer;
                    Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___July 22, 2013___

12 Civ. 3578 (PAC) (JCF)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Windell Harris ("Harris"), an inmate incarcerated at Green Haven Correctional Facility ("Green Haven"), brings this action pro se under 42 U.S.C. § 1983 against Correctional Officers Clifford Gunsett, Spencer Restey, and Robert Snedeker, Correctional Sergeant Michael Suprenant, and Correctional Captain Mark Royce, alleging that Defendants violated his civil rights by using excessive force and conspiring to cover up their assault on him. On May 15, 2012, this Court referred the matter to Magistrate Judge James C. Francis IV. On January 15, 2013, Defendants filed a motion to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Magistrate Judge Francis issued a Report and Recommendation ("R&R") on March 18, 2013, recommending that Defendants' motion be granted due to Plaintiff's failure to exhaust his administrative remedies. Plaintiff has not filed any objections. For the reasons below, the Court adopts Magistrate Judge Francis' R&R in its entirety and grants Defendants' motion to dismiss.

## BACKGROUND[1]

Harris alleges that on April 3, 2012, Defendants assaulted him at Green Haven.

---

[1] All facts are taken from the March 18, 2013 R&R unless otherwise indicated.

Specifically, Harris contends that Officer Gunsett pushed him from behind and slammed his head against a wall, Officer Restey punched him with a closed fist in the lower jaw, and Officers Snedeker and Restey hit him on his lower back and legs with their batons. During the alleged assault, which lasted approximately five to eight minutes, Defendants yelled racial slurs at him. Additionally, Harris alleges that Defendants then conspired to cover up the assault by planting a weapon on him.

Harris filed inmate grievances on April 12, 2012 and on April 18, 2012. On April 29, 2012, Harris commenced this action, seeking monetary and injunctive relief. Given the Department of Correction's grievance procedure, it would have been impossible for Harris to have completed the process before he filed his § 1983 action. Magistrate Judge Francis recommended that the Defendant's motion to dismiss be granted because Harris failed to exhaust available administrative remedies prior to initiating the instant matter.

## DISCUSSION

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the R&R "to which no objections have been made and which are not facially erroneous." Wilds v. UPS, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)). Because Harris is proceeding pro se, the Court reads his filings and supporting papers liberally and construes them to raise the strongest arguments that they suggest. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

The Prison Litigation Reform Act provides that an inmate must exhaust all available administrative remedies prior to filing a lawsuit in federal court. 42 U.S.C. §1997e(a). An inmate must fully comply with the procedural rules of the local administrative agency. Espinal v.

Goord, 558 F.3d 119, 124 (2d Cir. 2009). Here, the applicable local rules are set forth in the Inmate Grievance Procedure. N.Y. Comp. Codes R. & Regs. tit. 7, § 701; see also Mateo v. O'Connor, No. 10 Civ. 8426, 2012 WL 1075830, *5 (S.D.N.Y. March 29, 2012). Dismissal of the complaint is warranted "[i]f nonexhaustion is clear from the face of the complaint (and incorporated documents)." McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003).

It may well be that Harris has since exhausted his administrative remedies, but that does not change the fact that he failed to do so at the time at which he initiated the instant litigation. Indeed, his inmate grievance complaint was "still pending" when he commenced this action. (Compl. at 6.) Though failure to exhaust may be excused in limited circumstances, see Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006), Magistrate Judge Francis properly explained why all of the exceptions to this rule are inapplicable here. Having reviewed the R&R for clear error and finding none, it is hereby adopted in its entirety.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Francis' March 13, 2013 R&R in full. Defendant's motion to dismiss is GRANTED, and the Complaint is dismissed, without prejudice to being refiled once Harris establishes that he has exhausted his administrative remedies or that his failure to exhaust may be excused. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
      July 22, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Windell Harris
DIN# 07-A-0879
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582